METROPOLITAN LIFE INS. CO. *v.* BRADLEY.

(*Nashville,* December Term, 1941.)

Opinion filed January 17, 1942.

318

Moore & Ewing, of Nashville, for plaintiff in error.

Joseph L. Lackey, of Nashville, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This is an action brought by Willie Hudson Bradley against the Metropolitan Life Insurance Company in the Circuit Court of Davidson County to recover $150, the alleged cash surrender value on certain policies of life insurance issued by the Company on her life.

The Company filed a plea in abatement to the summons and declaration wherein it set forth that the cash surrender value of the policies mentioned in the summons and declaration was $24.28 and averred that the court did not have original jurisdiction of the suit because the amount involved was less than $50.

The trial judge overruled the plea in abatement and, on the hearing, the plaintiff, accepting the averments of

the plea as to the amount due him as true, a judgment was pronounced in his favor for $24.28.

�oximately There is present in the record a petition for discovery, filed by plaintiff, averring, in substance, that the amount set out in the declaration ($150) as due her was based upon estimation alone, and praying that the Company be required to answer and state the cash surrender values of the policies in question. This petition was filed on January 6, 1940, which was subsequent to the date on which the plea in abatement was filed, but counsel for plaintiff asserts in his brief that the petition was lodged with the clerks of the court on September 18, 1939, which was prior to the coming in of the plea in abatement. The record contains no order to answer the petition, as required by Code, section 9872, nor does it appear that copy of the petition was served on the Company, as required by Code, section 9874. No answer to the petition was filed. By going to trial without the discovery sought and by accepting the cash surrender values as set forth in the plea in abatement, plaintiff waived her petition for discovery.

▉ The circuit court has jurisdiction of all suits to recover debts or demands on contract over fifty dollars. Code, section 10323. The jurisdiction of the court does not depend upon the result of the case, but on the amount of the "debt or demand" constituting the foundation of the suit. *Wagstaff* v. *Braden,* 60 Tenn. (1 Baxt.), 304; *Malone* v. *Dean,* 77 Tenn. (9 Lea), 336. If the debt or demand set forth in the declaration exceeds fifty dollars, the court *prima facie* has jurisdiction. *Spurlock* v. *Fulks,* 31 Tenn. (1 Swan), 289; *Brimingham* v. *Tapscott,* 51 Tenn. (4 Heisk.), 382. If the value of the debt or demand is less than fifty dollars, although averred in the declara-

tion to be over fifty dollars, a plea in abatement to the jurisdiction of the court will lie. *Martin* v. *Carter,* 9 Tenn. (1 Yerg.), 489; *Jordan* v. *Barry,* 5 Tenn. (4 Hayw.), 102. In *Covington* v. *Neilson,* 14 Tenn. (6 Yerg.), 475, PECK, J., said, "It is always presumable that the sum in dispute is as well known to the defendant as to the plaintiff. If, therefore, the defendant knows the action is brought for a sum under the jurisdiction of the court, no matter what may be the sum laid in the writ and declaration, he has the right to put the question of jurisdiction in issue by a plea in abatement, resting the point upon the sum in dispute." See, also, Gibson's Suits in Chancery, section 249; Tennessee Procedure in Law Cases, section 125.

The sum of $150 sued for in the instant case was, as confessed by plaintiff in her petition for discovery, a mere estimate of the amount due on the cash surrender values of the policies in question. The defendant, by its plea in abatement, averred that the true amount of the debt or demand sued for was $24.28. Plaintiff conceded that this was the amount due.

Plaintiff invokes section 10318 of the Code, as conferring jurisdiction of this case upon the circuit court. That section deals with the general powers and jurisdiction of the circuit court, but in no way modifies the provisions of section 10323.

Under the statute and the cases cited herein, the court was in error in overruling the plea in abatement and in entering judgment for plaintiff. The result is that the judgment of the trial court is reversed and the suit dismissed. Plaintiff will pay all the costs of the case.